IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TREVOR WILLIAMS

    Plaintiff,

                                     Case Number _____

v.

BAY AREA CREDIT SERVICE, LLC.

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, by and through his undersigned counsel, sues Defendant, and further alleges as follows:

1. Plaintiff is a resident of Hillsborough County, Florida and domiciled therein.

2. Upon information and belief, Defendant is believed to be a foreign corporation doing business throughout the State of Florida, including Hillsborough County, as a debt collector. (See Attachment A) Defendant foreign company and is a debt collector as defined by law. All material events occurred regarding the collection of this alleged debt occurred in Hillsborogh County, Florida. This entire action arises from Defendant's repeated efforts to collect an alleged consumer debt

3. The underlying civil action contains an amount above $15,000.00.

4. This court has jurisdiction under 28 U.S.C. 1331 and supplemental jurisdiction over the Chapter 559 cause of action.

5. This civil action is premised upon violations of Chapter 559 of the Florida Statutes and also the Telephone Consumer Protection Act. Plaintiff demands a trial by jury on all counts so triable.

## GENERAL ALLEGATIONS

6. Plaintiff re-alleges and incorporates paragraphs one through five as if stated fully herein.

7. Plaintiff was alleged by Defendant to have a debt. Plaintiff is a consumer as defined by law and the nature of this alleged debt is consumer related.

8. Plaintiff disputed the allegation of indebtedness made by Defendant and Plaintiff advised Defendant to no longer contact Plaintiff, but instead to contact Plaintiff's legal representative regarding the claims of indebtedness and even wrote to Defendant in this regard on July 2, 2013. (See Attachment A).

9. Subsequently, Defendant refused Plaintiff's lawful directive as set forth by Plaintiff and continued to contact Plaintiff without regard to Plaintiff's specific instructions, on at least July 15, 2013. (See Attachment B). Plaintiff has no business with Defendant. Plaintiff never sought a business relationship with Defendant. Plaintiff never authorized or gave Defendant permission to call Plaintiff's phone. On July 2, 2013, issued yet another letter to Defendant, specifically advising Defendant to no longer telephone Plaintiff and Defendant ignored this request, and continued to call Plaintiff on Monday, July 15, 2013 at 11:00am.

10. Defendant's contacted continued dispute the fact that Plaintiff had told Defendant to only contact Plaintiff's attorney. Notably, Defendant failed, refused and/or neglected to provide validation.

11. Plaintiff also instructed Defendant, with specificity not to call Plaintiff's telephone and directed Defendant to communicate with Plaintiff only in writing. Under the Telephone Consumer Protection Act, Plaintiff is entitled to direct Defendant not to call Plaintiff and Plaintiff is within his rights to revoke any prior consent that Defendant may have had in regards to calling Plaintiff by phone. In this case, upon information and belief, Defendant never had any authorization to call Plaintiff's phone in the first place and, Plaintiff never had any direct dealings with Defendant. On July 2, 2013, issued yet another letter to Defendant, specifically advising Defendant to no longer telephone Plaintiff and Defendant ignored this request, and continued to call Plaintiff on July 15, 2013.

12. Plaintiff had a lawful right to instruct Defendant not to have further direct contact with Plaintiff regarding that debt alleged by Defendant, per Chapter 559 of the Florida Statutes. In addition, Plaintiff had a right to instruct Defendant not to call Plaintiff under the Telephone Consumer Protection Act.

13. Fla. Statutes, Section 559.72, which prohibits debt collectors (such as Defendant in this case) from harassing alleged debtors, and which prevents a debt collector from communicating directly with an alleged debtor if the debt collector knows that the alleged debtor is represented by an attorney. The Telephone Consumer Protection Act provides real persons such as Plaintiff a right to be unencumbered by unwanted solicitation and related calls.

14. Defendant knew that Plaintiff was represented by an attorney as of July 5, 2013, 2013. Defendant was again reminded by Plaintiff that Plaintiff was represented by an attorney as of July 5, 2013. Notwithstanding the fact that Defendant knew Plaintiff was

represented by an attorney, Defendant continued to contact Plaintiff in an unauthorized and unlawful manner, as set forth above.

15. Defendant's conduct, including but not limited to Defendant's willful, intentional and malicious refusal to cease harassing Plaintiff and to further refuse to communicate with Defendant's legal representative constitutes a violation of law, including but not limited to Fla. Statutes, Section 559.72(18) as well as Telephone Consumer Protection Act, 27 U.S.C. 227 et seq.

WHEREFORE, Plaintiff seeks judgment against Defendant for all damages provided for under the law as well as reasonable attorney fees and costs.

W. John Gadd
FL Bar Number 463061
**Bank of America Building**
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel – (727)524-6300
Email – wjg@mazgadd.com

# Attachment A

Bay Area Credit Service
1000 Abernathy Rd
Building 400, Suite 195
Atlanta, GA 30328

July 2, 2013

To whom it may concern,

I expressly revoke any consent I may have given you to contact me by phone. I'm expressly asking that all calls be stopped and reduced to writing. All contact regarding this alleged debt or personal/business matter and any others you may have or may obtain in my name, should be sent to my legal representative W. John Gadd at 2727 Ulmerton Rd Ste 250 Clearwater, FL 33762

Do not contact me any further.

Thank you,

Trevor Williams
4020 W North B St
Tampa, FL 33609



English    Customer Service    USPS Mobile      Register / Sign In



Search USPS.com or Track Packages

Quick Tools
Track & Confirm
Enter up to 10 Tracking #  Find
Find USPS Locations
Buy Stamps
Schedule a Pickup
Calculate a Price
Find a ZIP Code™
Hold Mail
Change of Address

Ship a Package    Send Mail    Manage Your Mail    Shop    Business Solutions

## Track & Confirm

GET EMAIL UPDATES    PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 9405510200829819944772 | Priority Mail® | Delivered | July 5, 2013, 5:34 pm | ATLANTA, GA 30328 | Expected Delivery By: July 5, 2013 USPS Tracking / Delivery Confirmation™ |
| | | Arrival at Post Office | July 5, 2013, 8:56 am | ATLANTA, GA 30328 | |
| | | Processed through USPS Sort Facility | July 4, 2013, 2:58 pm | ATLANTA, GA 30369 | |
| | | Depart USPS Sort Facility | July 4, 2013 | TAMPA, FL 33605 | |
| | | Processed at USPS Origin Sort Facility | July 4, 2013, 2:03 am | TAMPA, FL 33605 | |
| | | Electronic Shipping Info Received | July 3, 2013 | | |
| | | Dispatched to Sort Facility | July 3, 2013, 6:08 pm | CLEARWATER, FL 33762 | |
| | | Acceptance | July 3, 2013, 12:08 pm | CLEARWATER, FL 33762 | |

**Check on Another Item**

What's your label (or receipt) number?

Find

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Delivering Solutions to the Last Mile ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2013 USPS. All Rights Reserved.

https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9405510200829819944772    1/1

# ATTACHMENT B




(866) 353-7388 

(866) 353-7388  

📞 ← 07/15 (Mon) 11:00 AM

LG QuickMemo