UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


TREVOR WILLIAMS,

       Plaintiff,

v.                                Case No.  8:13-cv-2278-T-24 TBM

BAY AREA CREDIT SERVICE, LLC,

       Defendant.
_____/

**ORDER**

       This cause comes before the Court on two motions: (1) Defendant's Motion for Judgment on the Pleadings (Doc. No. 25), to which Plaintiff has not filed a timely response in opposition; and (2) Plaintiff's Motion to Amend the Complaint (Doc. No. 27), which Defendant opposes (Doc. No. 28).  As explained below, Plaintiff's motion to amend is denied, and Defendant's motion for judgment on the pleadings is granted.

**I.  Background**

       On September 3, 2013, Plaintiff filed the instant lawsuit and alleged the following in his complaint (Doc. No. 1): Defendant is a debt collector attempting to collect a debt from Plaintiff. Plaintiff disputed the alleged debt and advised Defendant not to call Plaintiff and to instead contact Plaintiff's attorney in writing.  Defendant ignored Plaintiff's directive and continued to call Plaintiff and failed to provide validation of the debt.  Plaintiff contends that Defendant's conduct violates the Telephone Consumer Protection Act ("TCPA") set forth in 47 U.S.C. § 227, as well as the Florida Consumer Collection Practices Act ("FCCPA") set forth in Florida Statute § 559.72.

**II.  Motion to Amend**

On July 2, 2014, Defendant moved for judgment on the pleadings.  In response, Plaintiff moved to amend the complaint.  Specifically, Plaintiff wants to add allegations: (1) that Defendant called Plaintiff's *cellular* phone, and (2) that Defendant used an automatic telephone dialing system or artificial voice.  Plaintiff argues that the amendment is warranted because: (1) he "inadvertently" failed to plead the TCPA and FCCPA allegations in separate counts; (2) he has discovered additional facts that would support a separate count under the TCPA; and (3) he has reason to believe that Defendant's acts were done knowingly and willfully and requests leave to amend to reflect this.

On January 7, 2014, this Court entered a scheduling order that set February 6, 2014 as the deadline for amending the complaint.  (Doc. No. 10).  Since the motion to amend was filed after the amendment deadline, the good cause standard of Rule 16(b) of the Federal Rules of Civil Procedure must be applied in order to determine whether to allow the amendment.  Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 n.2 (11th Cir. 1998).  "[T]he key to establishing good cause for an untimely amendment is demonstrating diligence." Gonzales v. Pasco Cnty. Bd. of Cnty. Comm'rs, 2013 WL 179948, at *9 (M.D. Fla. 2013) (citation omitted).  If good cause exists under Rule 16(b), the Court turns to whether amendment is permitted under Rule15(a).

Plaintiff fails to show good cause.  The additional proposed fact that Defendant called Plaintiff's *cellular* phone was within Plaintiff's knowledge at the time that he filed his original complaint, and as such, there is no good cause for this amendment.  See U.S. v. $33,330.00 in U.S. Currency, 901 F. Supp.2d 1354, 1361 (N.D. Ga. 2012); Young v. City of Gulf Shores, 2009 WL 197185, at *1 (S.D. Ala. Jan. 27, 2009)(simply failing to include an additional claim does

not equate to good cause). Furthermore, assuming that Plaintiff did not know that Defendant

used an automatic telephone dialing system or artificial voice at the time he filed his complaint,

Plaintiff does not allege when he learned of this information or set forth his diligence in seeking

this information out. Finally, the Court notes that the motion to amend is designed to avoid an

impending judgment on the pleadings. See Lowe's Home Centers, Inc. v. Olin Corp., 313 F.3d

1307, 1315 (11th Cir. 2002)(stating that "[i]t is not an abuse of discretion for a district court to

deny a motion for leave to amend a complaint when such motion is designed to avoid an

impending adverse summary judgment"). For these reasons, the Court concludes that Plaintiff

has not shown good cause, and his motion to amend is denied.

### III.  Motion for Judgment on the Pleadings

Defendant moves for judgment on the pleadings as to Plaintiff's TCPA claim. The

TCPA provides, in relevant part, the following:

> It shall be unlawful for any person within the United States . . . [:]
> **(A)** to make any call (other than a call made for emergency purposes
> or made with the prior express consent of the called party) using any
> automatic telephone dialing system or an artificial or prerecorded
> voice . . . to any telephone number assigned to a . . . cellular
> telephone service . . . ; [or]
> **(B)** to initiate any telephone call to any residential telephone line
> using an artificial or prerecorded voice to deliver a message without
> the prior express consent of the called party, unless the call is
> initiated for emergency purposes or is exempted . . . .

47 U.S.C. § 227(b)(1). As previously explained, Plaintiff has failed to allege: (1) that Defendant

called Plaintiff's *cellular* phone, or (2) that Defendant used an automatic telephone dialing

system or artificial voice. As a result, Plaintiff's TCPA claim fails to state a claim under the

TCPA, and it must be dismissed.

This Court has federal question subject matter jurisdiction over this case. However,

because the Court dismissed the only federal claim, it declines to exercise supplemental

jurisdiction over the remaining state law claim.  28 U.S.C. § 1367(c)(3).  Accordingly, the Court

dismisses Plaintiff's FCCPA claim without prejudice.

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Plaintiff's Motion to Amend the Complaint (Doc. No. 27) is **DENIED**.

(2)     Defendant's Motion for Judgment on the Pleadings (Doc. No. 25) is **GRANTED**,

and the Clerk is directed to enter judgment on Plaintiff's Telephone Consumer

Protection Act claim.

(3)     The Court declines to exercise supplemental jurisdiction over the Florida

Consumer Collection Practices Act claim and dismisses that claim without

prejudice.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of July, 2014.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record